(27 Misc. Rep. 685.)

BAIZ v. MALO et al.

(Supreme Court, Special Term, New York County.  June 13, 1899.)

WITNESS—COMPELLING ATTENDANCE—CONSULS.
    Attendance as a witness of a vice consul of Colombia cannot be compelled; its consuls and vice consuls being by the treaty of 1846 between it and the United States given all the rights, prerogatives, and immunities of those of the most favored nation, which in this respect and to this extent France became by the treaty of 1853, and there being nothing in the treaty of 1850 with Colombia to annul the provision of the treaty of 1846, though it is provided therein that, when the presence of consuls may be required in courts or offices of justice, they shall be summoned in writing

Action by Jacob Baiz against Raphael M. Malo and others.  Application to set aside a subpœna requiring José Gerardo Polo, vice consul of Colombia, to attend as a witness.  Granted.

T. L. C. Keating, for the motion.
Cardozo & Nathan, opposed.

GILDERSLEEVE, J.   It is here sought to compel the attendance, as a witness in supplementary proceedings, of J. G. Polo, who is the vice consul at New York of the republic of Colombia. Article 30 of the Bidlack-Mallarino treaty of 1846 between this country and Colombia, which appears still to be in force, gives to the consuls and vice consuls of Colombia in the United States "all

the rights, prerogatives and immunities of the consuls and vice consuls of the most favored nation." The Everett-Sartiges treaty of 1853 between the United States and France, in article 2, which does not appear to have been abrogated, provides that consuls and vice consuls "shall never be compelled to appear as witnesses before the courts. When any declaration for judicial purposes, or deposition, is to be received from them in the administration of justice, they shall be invited, in writing, to appear in court, and if unable to do so, their testimony shall be requested in writing, or be taken orally at their dwellings." Article 5, subd. 4, of the Clayton-Rivas treaty of 1850 between Colombia and the United States, is as follows, viz.: "Whenever the presence of consuls may be required in courts or offices of justice, they shall be summoned in writing." There, however, does not appear to be anything in this treaty of 1850 annulling the provision in the treaty of 1846 giving the "most favored nation" privileges and immunities to the consuls and vice consuls of Colombia in this country. In 1853 France became the most favored nation in the respect under consideration, and, under the treaty of 1846, the vice consul of Colombia appears to be entitled to the immunities and privileges accorded to his French colleague in article 30 of the treaty of 1853, above quoted. It seems to me, therefore, that the presence, as a witness, of Mr. Polo cannot be compelled. In arriving at this conclusion, I am controlled by the case of U. S. v. Trumbull, 48 Fed. 96, as I am unable to find any authority antagonistic to the doctrine there laid down.